## John H. Basford, Adm'r of Isabella Hutchins, *vs.* John Parran.

In a suit upon two notes given to the plaintiff under a contract, that he could forbear a sale under an execution against a third party, the defendant, (the administrator of the maker,) having offered evidence to show a failure of consideration for the contract, or an abandonment of its provisions by the

plaintiff, the latter proposed to offer another agreement subsequently made between him and the *daughter* of the intestate, (the maker of the notes,) in reference to the same subject matter, and referring to and making disposition of these notes. HELD, that this latter agreement is *res inter alios* and inadmissible.

APPEAL from the Circuit Court for Calvert county.

*Assumpsit* by the appellee against the appellant, upon two promissory notes, executed by Isabella Hutchins, the defendant's intestate, in favor of the plaintiff, one for $750, dated September 12th, 1848, payable in six months, and the other for $463, dated the 11th of December 1848, payable at ninety days. The case was tried upon issue joined on the plea of *non assumpsit*.

*Exception.* The plaintiff proved the execution and delivery of the notes sued on, and there rested his case. The defendant then proved that the plaintiff, Parran, as trustee for the sale of the real estate of James J. Spencer, sold to Michael Lyons a farm in Calvert county, containing three hundred acres of land, and, at May term 1847 of Calvert county court, recovered judgment against said Lyons and his sureties for $1351, upon one of the bonds given for a part of the purchase money. On this judgment a *fi. fa.* was issued, returnable to May term 1848, which was levied on the land so sold to Lyons and returned "not sold by order of plaintiff." On the 15th of July 1848, a *vendi.* was issued, returnable to the second Monday of October 1848. Whilst this writ was in the hands of Dixon, the sheriff, for execution, and whilst the land was advertised for sale thereunder, it was proved by said Dixon that he, acting as the mutual friend and agent of the plaintiff, and Isabella Hutchins, the mother of Lyon's wife, made an agreement between them, by which Mrs. Hutchins was to pass her two notes for $750 each to Parran, which, when paid, were to be credited on the judgment; that on the 12th of September 1848, before the notes were executed, he took a letter from Parran to Mrs. Hutchins, in which the former states, that if Mrs. Hutchins would pay $1000 in cash, he would agree to give one and two years delay on the balance of the judgment, or if she could not make this arrangement,

46    v.8

then to sign the accompanying notes and he would try to get them discounted; that for the purpose of obtaining a suspension of the sale under the execution Mrs. Hutchins signed the two notes for $750, in accordance with said agreement, and delivered them to the witness, Dixon, to be delivered to Parran; that these notes were drawn by Parran and sent by him to Mrs. Hutchins through the hands of witness, and that the note for $750, now in suit, is one of them, and the note for $463 is a renewal of the other after a part had been paid by Mrs. Hutchins; that these notes were to be credited when paid on the judgment, and were given for the exclusive purpose and consideration of postponing the sale; that Mrs. Hutchin's object in making this arrangement was to secure the land to her daughter, Mrs. Lyons, when the balance of the judgment was paid; that when witness delivered these notes to Parran he took from him a receipt, stating that the notes when paid were to be applied in part payment of the judgment and execution in the hands of the sheriff against Lyons and others, which receipt he never delivered to Mrs. Hutchins in her lifetime, but gave it to defendant, as her administrator, since her death.

At the October term 1848, the sheriff returned the *vendi.* "not sold for want of bidders." Mrs. Hutchins died early in March, and Basford was appointed her administrator in May 1849. On the 15th of September 1849, Parran sued out an *alias* writ of *vendi.*, which, at October term 1849, was returned, "not sold by order of the plaintiff." On the 22nd of November 1849, he sued out a *pluries* writ of *vendi.*, returnable to the following May term, under which the land was sold to Parran on the 10th of April 1850, "for debt, interest and costs," and a deed executed to him therefor by the sheriff. The present suit was brought by Parran on the 22nd of April 1850. The partial payment on the note of $750, reducing it to $463, was applied in part payment of the judgment referred to. The defendant also proved that the land was worth between $3000 and $4000.

The plaintiff then proved that Mrs. Hutchins, after the two notes were given, stated that she had given them to Parran to

obtain indulgence on the execution, and was trying to raise funds to pay them, and that when Lyons should make the last payment on the land Parran was to convey the same to Mrs. Lyons, her daughter. Lyons died without issue, leaving his widow surviving him. The plaintiff then offered to read in evidence articles of agreement made between him and Mrs. Lyons, the widow, on the 9th of December 1850, by which he agreed to sell the land to Mrs. Lyons for $4017, payable on the 9th of December 1846, with interest, payable annually, and in case of failure so to pay she was to deliver possession of the land to Parran. It was further agreed that Parran should apply, in part payment of this sum of $4017, whatever amount he should recover from the administrator of Mrs. Hutchins upon the two notes now in suit, deducting costs and expenses incurred in the collection. The defendant having first proved the death of Mrs. Hutchins early in March 1849, objected to the admissibility of the above agreement, but the court, (BREWER, J.,) overruled the objection and permitted it to be read to the jury. To this ruling the defendant excepted, and the verdict and judgment being against him, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and MASON, J.

*John M. S. Causin* and *A. Randall* for the appellant, argued:

1st. That the court erred in allowing the agreement between Parran and Mrs. Lyons to be offered in evidence, because it was *res inter alios*, immaterial and irrelevant to the issue, and calculated to mislead the jury. Mrs. Hutchins was neither *party* nor *privy* to this contract, and it was clearly inadmissible. 1 *Starkie on Ev.*, 51. 4 *Pick.*, 108, *Jacobs vs. Putnam*. 7 *G. & J.*, 20, *Cole vs. Hebb*.

2nd. That if this court should reverse the judgment they will not grant a *procedendo*, because it does appear from the proof that the notes, the cause of action in the case, were given by Mrs. Hutchins, to have their proceeds, when collected, applied to the payment of the judgment recovered by

Parran against Lyons and others, the whole of which judgment was afterwards paid to Parran by the purchase of this property at sheriff's sale for the debt, interest and costs. *3 G. & J.*, 440, *Sothoron vs. Weems*. 4 *Do.*, 401, *Morgan vs. Morgan*.

*Frank H. Stockett* for the appellee, argued:

1st. That the indulgence and extension of time on the execution, as shown by the testimony of Dixon, was a sufficient consideration for the notes in suit. *Chitty on Cont.*, 35, 37, 38. *Story on Cont., sec.* 361. 1 *Barn. & Adol.*, 603, *Smith vs. Algar*. Even the proposed benefit to Mrs. Lyons is also a sufficient consideration. *Chitty on Cont.*, 31.

2nd. The consideration has not failed because of the purchase by Parran of the land, on April 12th, 1850, the same not being in violation of any agreement with Mrs. Hutchins. It will be readily seen, on calculating the amount due on the judgment, that on the 12th of September 1848, when the agreement was consummated, the amount of Mrs. Hutchins' two notes did not equal the amount due on the judgment by about $226.98. Mrs. Hutchins had not given her notes, nor had Parran any other security for this amount than such as his judgment might give him. There was no other remedy left him than to sell the land for the payment of this balance. But was this sale in violation of any agreement made by Parran with Mrs. Hutchins, as set forth in the record? In the record appears a copy of a letter sent by Parran to Mrs. Hutchins, wherein he promises to wait with her for the balance due on the judgment for *one* and *two* years, *provided she would pay Mr. Parran* $1000. This letter is dated September 12th, 1846, and as suit was not brought on the notes until the 22nd of April 1850, this letter shows no limitation as to the *time of forbearance*, which has not been complied with. But the postscript to this letter shows, that the agreement between Parran and Mrs. Hutchins, relative to her notes, was not the same, *in effect*, as the agreement relative to the $1000. In this postscript nothing is said relative to any fixed period of extension or postponement. I contend, therefore, that there is nothing in the sale to Parran inconsistent with his agreement

made with Mrs. Hutchins. She only asked for a "*suspension of the sale*" and an "*indulgence on the execution*," and the record shows that Parran waited with Lyons, or rather granted indulgence on the execution, from September 12th, 1848, to April 12th, 1850. I can see no reason why Parran could not, with justice and *good conscience*, have held on to Mrs. Hutchins' notes and the land also. But willing that Mrs. Lyons, the daughter of Mrs. Hutchins, should have an opportunity of fulfilling the engagement which her mother had entered into, Parran agrees to sell to Mrs. Lyons the farm for the amount of the purchase money due thereon, viz., $4017, (the same being the amount of the judgment—interest added—*vs.* Lyons and others, under which the land was sold, and the amount of another judgment for a like sum, mentioned in the record, to which was also added necessary costs,) and to credit the same with whatever sum he might realize from the two notes of Mrs. Hutchins.

3rd. These articles, we contend, were properly admissible to show that Parran had still a desire to carry out Mrs. Hutchins' wishes, that the *land should be bought as a home for her daughter*, and that Parran *was willing to apply the two notes for that purpose, and thus materially tending to prove the issue*, and therefore admissible. 6 *G. & J.*, 488, *Goodhand vs. Benton.* 2 *Do.*, 404, *Davis vs. Barney.* 2 *H. & G.*, 189, *Ferguson vs. Tucker.*

MASON, J., delivered the opinion of this court.

The true and only question legitimately belonging to this case, is the construction or effect of the agreement between Mrs. Hutchins and Mr. Parran, the appellee, which related to the forbearance to sell, on the part of the latter, under his execution against Lyons. But this question in fact is not raised, but only foreshadowed, by the present record.

By virtue of the agreement referred to, Mrs. Hutchins executed her two notes, for $750 each, to the said Parran, which were not paid upon maturity. Subsequently another contract was entered into, which is set out in the record, between Mrs. Lyons (her husband, Michael Lyons, and her mother, Mrs.

Hutchins, being dead,) and the said Parran, relating to the same subject matter, and referring to and making disposition of the notes executed by Mrs. Hutchins under the previous agreement. The present suit is instituted against Mrs. Hutchins' administrator, the appellant, to recover the amount due on those notes. Evidence was submitted on the part of the defendant to show the circumstances or consideration upon which the notes were executed, and that the consideration had either entirely failed, or that the plaintiff had abandoned or forfeited the contract by renewing his process against Lyons. Thereupon the plaintiff offered the agreement with Mrs. Lyons as rebutting evidence. To the admissibility of this agreement, as legal evidence, the defendant objected, and this is the *single question* before us on this appeal.

The purpose of the defendant's testimony was to show, as we have said, a failure of consideration for the contract, in pursuance of which the notes were given; or, an abandonment of its provisions by the appellee, in resorting again to his original process against Lyons. No objection was made to the admission of this testimony, and whether it was legal and sufficient to establish that for which it was offered, is not for us now to say. But if it was sufficient to show that Mrs. Hutchins, or her estate, had been discharged from liability for the notes, surely no subsequent acts or dealings between Parran and Mrs. Lyons, or any other person, without the privity or consent of Mrs. Hutchins' representative, could have the effect of reviving her liability upon those notes, and it matters not what arrangement or disposition, however apparently equitable, was proposed to be made of them under the new agreement. This whole contract, as it relates to the first agreement, was *res inter alios*, and therefore not admissible as evidence against a party not privy to it. While the agreement between Mrs. Lyons and Parran might be binding upon themselves, it could nevertheless have no effect in binding others not parties to it.

The view thus expressed settles the only question involved upon this record, and thus disposes of the whole case as we find it. We do not feel at liberty upon this appeal to pass upon the original contract, as no such point is raised. That

contract, and the subsequent conduct of the parties in regard to it, as may be illustrated upon a new trial, must all depend upon their own peculiar merits. The suggestion that we should withhold a *procedendo* is therefore not adopted.

*Judgment reversed and procedendo awarded.*